IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | CASE NO. BK09-83398-TJM |
| | ) | |
| BOWLNEBRASKA, L.L.C. and | ) | CH. 11 |
| HUSKER BOWL, | ) | |
| | ) | |
| Debtor(s). | ) | |

ORDER

      Hearing was held in Omaha, Nebraska, on February 22, 2010, regarding Filing #22, Motion to Dismiss for Lack of Good Faith or, in the Alternative, for a Declaration that the Debtor is a Single Asset Real Estate Debtor, filed by Omaha State Bank; Filing # 66, Resistance, filed by the Debtor; Filing #67, Objection by the Alan Baer Revocable Trust; Filing #52, Application to Employ Hancock & Dana, PC as Accountants; Filing #53, Resistance, filed by Omaha State Bank; Filing #87, Motion for Adequate Protection, filed by Omaha State Bank; Filing #96, Response, filed by the Debtor. T. Randall Wright appeared for the debtor; Robert Bothe and Robert Diederich appeared for Omaha State Bank; Martin Pelster appeared for Alan Baer Revocable Trust; Donald Furlow appeared for Allegiant Partners Incorporated; and Jonathan Aberman appeared for Brunswick.

      By separate order and judgment in adversary proceeding A10-8005, the court has voided the recorded deeds of trust representing liens held by Omaha State Bank against real estate owned by the debtor.

      Omaha State Bank has filed Filing #22, a Motion to Dismiss for Lack of Good Faith or, in the Alternative for Declaration that the Debtor is a Single Asset Real Estate Debtor Subject to 11 U.S.C. § 362(d)(3). The basis for the motion to dismiss is that it must have been bad faith to file the case knowing that the value of the real estate is far less than the secured debt and that the case was filed solely to delay a foreclosure action begun pre-petition by Omaha State Bank. The motion to dismiss is denied. The debtor filed the case, filed an adversary proceeding which successfully set aside the secured claim of the bank, entered into a lease agreement, along with Husker Bowl, to generate funds which will be used to pay real estate taxes and possibly reorganize the debtor by liquidation of the assets. That is not bad faith.

      With regard to that portion of the motion which requests a finding that the debtor is a single asset real estate debtor subject to 11 U.S.C. § 362(d)(3), the bank is correct. The code defines "single asset real estate" as real property constituting a single property or project which generates substantially all of the gross income of a debtor and on which no substantial business is being conducted by the debtor other than the business of operating real property and activities incidental. That is exactly what this debtor is. It owns improved real estate which it leases. It does nothing else. Although the debtor argues that BowlNebraska and Husker Bowl should be looked at as if they were one entity operating

numerous businesses on the premises, there is no basis in the statute for doing so. The facility does contain several different types of businesses, such as a bowling alley, a restaurant, a video game center and a go-cart track. However, those separate types of revenue generators are not even operated by the debtor and/or Husker Bowl. They are leased to a third party.

Because I find that the debtor fits the definition of "single asset real estate," I must find also that the debtor is subject to the requirements of 11 U.S.C. § 362(d)(3) if Omaha State Bank had a claim secured by interest in the real estate. However, because of the recent order and judgment in the adversary proceeding, Omaha State Bank does not have that status.

In addition to the motion to dismiss, Omaha State Bank filed a motion for adequate protection at Filing #87. The bank argued that its claim was being harmed by the accrual of interest on pre-petition unpaid real estate taxes and on the accrual of post-petition taxes and interest. Because the bank's lien has been voided, it is not harmed by such accruals to the extent that adequate protection would be appropriate. The motion for adequate protection is denied.

Finally, the debtor has filed an application to employ Hancock & Dana, P.C., as accountants. That application drew a limited objection by the bank. The bank's objection is denied. The application is approved.

IT IS ORDERED that Filing #22, Motion to Dismiss for Lack of Good Faith or, In the Alternative, for a Declaration that the Debtor is a Single Asset Real Estate Debtor, is denied; Filing #52, Application to Employ Hancock & Dana, PC as Accountants, is granted; and Filing #87, Motion for Adequate Protection is denied.

DATED:    March 17, 2010

BY THE COURT:

/s/ Timothy J. Mahoney
United States Bankruptcy Judge

Notice given by the Court to:
    *T. Randall Wright
    *Robert Bothe
    *Robert Diederich
    Martin Pelster
    Donald Furlow
    Jonathan Aberman
    U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.